RALPH B. GUY, JR.,
dissenting.
As the majority acknowledges, for this court to have jurisdiction over an interlocutory appeal from the denial of qualified immunity, the defendant must “concede the most favorable view of the facts to the plaintiff for purposes of the appeal.” Berryman v. Rieger, 150 F.3d 561, 563 (6th Cir.1998). Defendants argue that, whatever else may be disputed, the evidence demonstrated probable cause to arrest plaintiff for fleeing or evading an officer. Fleeing or evading requires that a person operating a motor vehicle with intent to elude or flee, must knowingly or wantonly disobey a direction to stop the vehicle given by a person recognized to be an officer. Ky. RevStat. §§ 520.095 and 520.100. To be sure, Nelson did not stop his car until he parked it in his driveway. For probable cause, however, the material question is whether a reasonable officer would have believed that Nelson’s failure to stop was a knowing disregard of a recognized officer’s signal to stop. In other words, would a reasonable officer have believed Nelson was or should have been aware of Riddle’s attempt to stop him.
If Riddle’s testimony is to be believed, Nelson failed to stop even though an officer in a marked car activated his lights and siren, came within three car lengths of the car during the highspeed pursuit, and directed a spotlight into the back window of Nelson’s car. This would undoubtedly establish probable cause. Defendants argue there can be no question of fact because Nelson did not (and for that matter could not) testify that Riddle’s lights were not on. On that issue, Nelson said all that he could under the circumstances—that he *462 did not see Riddle’s lights or the police car until after Riddle pulled into his driveway. As I see it, this misses the crux of the case.
Nelson argued that the most favorable view of all the evidence permits an inference that Riddle did not come close enough to Nelson’s car during the pursuit for a reasonable officer to believe Nelson knowingly disobeyed a recognized officer’s signals to stop. That evidence includes testimony that the sight lines were short on the curvy, hilly, poorly lit roads over which the two-mile pursuit was conducted. There is no dispute that Nelson had a head start, and that Riddle only initiated pursuit after observing Nelson going into a sharp curve. Even Officer Moore testified that he could not see Riddle’s patrol car until he approached the scene outside plaintiff’s residence on Old Hopkinsville Road. To this is added Nelson’s testimony that he had to slow to nearly a stop in order to make the sharp turn onto Old Hopkinsville Road—a turn that Riddle admittedly overshot. From that, Nelson argues that if Riddle had been following close enough for his lights to be seen, then Riddle should also have seen Nelson’s brake lights and would not have missed the turn himself. In addition, Nelson specifically averred by way of affidavit that there was a delay of 30 to 45 seconds between the time that he arrived in the driveway of his home and when Riddle pulled into the driveway behind him. This, Nelson argues, supports Ms claim that Riddle was not close enough during the pursuit for a reasonable officer under the circumstances to believe that Nelson had knowingly or wantonly disobeyed a reeogmzed officer’s signal to stop.
Because I believe the disputed facts concermng the pursuit create a question of fact whether there was probable cause to arrest Nelson for fleeing or eluding an officer, I would affirm the denial of qualified immunity on Nelson’s claim that he was arrested without probable cause.